IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHELLE ISRAEL, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:25-cv-00669 |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, *et al.*, | ) JUDGE RICHARDSON |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michelle Israel, a resident of Tennessee, has filed a pro se Complaint against Defendants Metropolitan Government of Nashville and Davidson County, RealtyHop, LaVergne Police Department, Smyrna Police Department, and Metropolitan Nashville Information Technology Services, alleging violations of Title VII of the Civil Rights Act of 1964, as well as violations of 18 U.S.C. §§ 249, 1961-1968. (Doc. No. 1).

Filed as an attachment to the Complaint is Plaintiff's "Statement of Claim (Cause of Action)." (Doc. No. 1-1). Within that document, Plaintiff requests that the Court file this case under seal "[i]n consideration of the serious nature of these incidents which have already occurred, and to protect national security and confidentiality of the Plaintiff who has experienced significant impacts from the activities stated . . . ." (*Id*. at PageID# 10). The Court construes Plaintiff's request as a Motion to Seal Case.

The public has a strong interest in the accessibility of the information contained in the court record. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (*quoting Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).

"The courts have long recognized, therefore, a 'strong presumption in favor of openness' as to court records." *Shane Group, Inc.*, 825 F.3d at 305 (*quoting Brown & Williamson*, 710 F.2d at 1179)).

"Any party requesting that documents or portions of documents be sealed must file a motion for leave to file the document(s) under seal in accordance with LR 7.01." M.D. Tenn. L.R. 5.03(a). Parties who seek to protect their case under seal must meet a high burden by showing three things: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Montenegro v. Vaco LLC*, No. 3:23-CV-01265, 2025 WL 73247, at *2 (M.D. Tenn. Jan. 10, 2025).

Plaintiff's short declaration at the end of her Statement of Claim does not satisfy the high burden necessary as described by *Montenegro*. Even if her statement suggesting a need to "protect national security and confidentiality of the Plaintiff" could satisfy the first requirement of asserting a compelling interest in sealing the records[1], Plaintiff fails to establish the second and third requirements. (Doc. No. 1-1 at PageID# 10). Therefore, Plaintiff's request to seal this case is **DENIED**.

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 against Defendant Metropolitan Government of Nashville and Davidson County and Defendant Metropolitan Nashville Information Technology Services.[2] (Doc. No. 1 at PageID# 3-4; Doc No. 1-1 at PageID# 7-9). Title VII proscribes certain discriminatory

---

[1] Plaintiff is cautioned that the Court is not opining on whether Plaintiff satisfied the first requirement as described in *Montenegro*.

[2] Plaintiff indicates in her "Statement of Claim (Cause of Action)" that her claim of employment discrimination is against only the first Defendant, Metropolitan Government of Nashville and

employment practices. Before filing suit in federal court under Title VII, a plaintiff must first timely file a relevant charge of discrimination before the Equal Employment Opportunity Commission ("EEOC") or corresponding state agency. *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001). The purpose of this requirement is to allow the EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731-32 (6th Cir. 2006) (*citing Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)).

A plaintiff must file a charge with the EEOC within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). If the EEOC finds that the charge has a reasonable basis, it will issue a notice of right-to-sue to the plaintiff. 29 C.F.R. § 1601.28(b). Upon receipt of a notice of right-to-sue, the employee has 90 days in which to bring a federal action alleging a violation of Title VII. 42 U.S.C. § 2000e-5(f)(1).

Administrative exhaustion thus involves (1) timely filing a charge of employment discrimination with the EEOC and (2) receiving and timely acting upon a statutory right-to-sue notice. *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006) (*citing Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)).

The Complaint alleges that Plaintiff was discriminated against by Defendant Metropolitan Government of Nashville and Davidson County and Defendant Metropolitan Nashville Information Technology Services in the termination of her employment due to race, color, and gender. (Doc. No. 1 at PageID# 4). Specifically, Plaintiff alleges that she was terminated from

---

Davidson County. (Doc. No. 1-1 at PageID# 7). However, Plaintiff alleges employment discrimination against Defendant Metropolitan Nashville Information Technology Services as well, and, as best the Court can discern, Defendant is a department within the Metropolitan Government of Nashville and Davidson County. (*Id*. at PageID# 7-9). Therefore, the Court will interpret the employment discrimination allegations of the Complaint as to both Defendants.

employment due to the violation of a nonexistent "written rule, policy, or procedure." (Doc. No. 1-1 at PageID# 8). Plaintiff further alleges that two other employees of the same company were in violation of the same "alleged written rule, policy, or procedure" but were not terminated from employment. (*Id*.).

Plaintiff states that she was terminated from her employment in June of 2018, filed a charge with the EEOC in August of 2018, and later received a right-to-sue letter from the EEOC. (Doc. No. 1-1 at PageID# 7-8). Plaintiff further states she again filed a charge with the EEOC on May 1, 2019, and received a right-to-sue letter on November 2, 2020. (Doc. No. 1 at PageID# 5). Plaintiff filed the instant cause of action on June 16, 2025. (Doc. No. 1). Taking the allegations of the Complaint as true in that the later right-to-sue letter was received in November of 2020, and construing in Plaintiff's favor that said right-to-sue letter is the one applicable to this case, this action is time-barred. 42 U.S.C. § 2000e-5(f)(1).

Plaintiff concedes her Title VII claims are untimely filed and requests this Court to make "an exception due to the impact these acts of negligence have had on the Claimant." (Doc. No. 1-2 at PageID# 14). However, Plaintiff does not explain why she is entitled to an exception. (*Id*.). To the extent Plaintiff seeks equitable tolling of the statute of limitations applicable to her Title VII claims, a plaintiff seeking equitable tolling must establish "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness [in] remaining ignorant of the particular legal requirement." *Hall v. XPO Logistics Freight, Inc.*, No. 3:21-CV-00727, 2022 WL 989084, at *4 (M.D. Tenn. Mar. 31, 2022). Equitable tolling is a determination made on a case-by-case basis. *Id*. (*citing Truitt v. Cnty of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)).

Even if the Court were to construe her request as a request for equitable tolling, "Plaintiff…bears the burden of persuading the Court that she is entitled to equitable tolling . . . ," and Plaintiff has failed to fulfill that burden here. *Hall*, 2022 WL 989084, at *4. Accordingly, Plaintiff's Title VII claims against Defendant Metropolitan Government of Nashville and Davidson County and Defendant Metropolitan Nashville Information Technology Services are **DISMISSED WITH PREJUDICE**.

The Court's analysis, however, does not stop there. Plaintiff names three additional Defendants, RealtyHop, LaVergne Police Department, and Smyrna Police Department, alleging they took part in "activities of Racketeer Influenced and Corrupt Organizations, 18 U.S.C. §§ 1961-1968." (Doc. No. 1-1 at PageID# 7).[3]

Plaintiff alleges violations of federal law against RealtyHop, stating said Defendant interfered with commerce and released Plaintiff's personally identifiable information and property address in violation of "Section 1951 of 18 U.S. Code SS 1961-1968." (Doc. No. 1-1 at PageID# 9). Based on an unrelated incident, Plaintiff alleges violations of federal law against LaVergne Police Department, stating, "an incident occurred in Rutherford County and the Plaintiff sought to file a police report with . . . La Vergne Police Department." (Doc. No. 1-1 at PageID# 10). Plaintiff states Defendant LaVergne Police Department denied Plaintiff of her right to file the police report and "engaged in activity outlined in Section 1511 of 18 U.S. Code SS 1961-1968," and an officer from LaVergne Police Department who was tasked with speaking to Plaintiff "engaged in activity

---

[3] The Court notes that Plaintiff makes allegations against "the first Defendant's Law Enforcement Agency, the Metro Nashville Police Department" throughout her Statement of Claim (Cause of Action), as well as complaints about "the US District Court of Middle Tennessee." (Doc. No. 1-1 at PageID# 9-10; Doc. No. 1-2 at PageID# 13-14). However, Plaintiff does not name either of these entities as a defendant. Therefore, the Court will not regard either entity as a party to this case. The undersigned notes that nothing about Plaintiff's references to this Court has biased him or influenced his decision in this case in any way.

consistent with 18 U.S. Code SS 249, hate crime acts." (*Id*.). Lastly, and based again on an unrelated incident, Plaintiff alleges Smyrna Police Department approached Plaintiff at a local business and committed violations of "18 U.S. Code SS 249, hate crime acts." (*Id*.).

Plaintiff alleges violations of (and only of) federal criminal law[4] on the part of Defendants RealtyHop, LaVergne Police Department, and Smyrna Police Department[5]. (Doc. No. 1 at PageID# 3; Doc. No. 1-1 at PageID# 9-10). To the extent that Plaintiff is asking the Court to initiate some kind of criminal investigation against one or more of these Defendants, the Court declines to do so because "[a]uthority to initiate a [federal] criminal complaint rests exclusively with . . . federal prosecutors." *Tunne v. U.S. Postal Service*, No. 5:08CV-189-R, 2010 WL 290512, at *1 (W.D. Ky. Jan. 21, 2010) (*quoting Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). So this Court lacks such authority. And private citizens (like Plaintiff) have "no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004. Thus, this Court is without authority to initiate any investigations of alleged criminal activity upon request of Plaintiff.

---

[4] Plaintiff indicates that Defendant LaVergne Police Department denied her the "right" to file a police report. (Doc. No. 1-1 at PageID# 10). However, Plaintiff fails to cite any authority that establishes a constitutional right to file a police report, and also fails to allege any constitutional violation that resulted due to the alleged actions of that Defendant. Therefore, there is no allegation that triggers the applicability of 42 U.S.C. § 1983 from this statement by Plaintiff.

[5] A police department is not a suable entity as to claims brought under 42 U.S.C. § 1983. *See Mathes v. Metro. Gov't*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (Trauger, J.) (collecting cases); *cf. Campbell v. Cheatham Cty. Sheriff's Dep't*, 511 F. Supp. 3d 809, 824–25 & n.12 (M.D. Tenn. 2021) (Crenshaw, C.J.) (noting that sheriff's departments "are not proper parties to a § 1983 suit"), *aff'd*, 47 F.4th 468 (6th Cir. 2022)). The same may be true as to the kind of claims (Title VII and RICO) that Plaintiff purports to bring here. The Court need not decide that, however, because the Court assumes arguendo in Plaintiff's favor that the intended Defendants are the municipalities of LaVergne and Smyrna, which *are* suable entities.

To the extent that Plaintiff seeks other kinds of relief based on alleged criminal violations, the only basis for such relief is the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq. "RICO provides a private cause of action for '[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter.' 18 U. S. C. § 1964(c). Section 1962, in turn, contains RICO's criminal provisions." *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 130 S. Ct. 983, 987 (2010) (citation omitted). More specifically, Section 1962 contains four different criminal provisions, each in separate subsection. In 18 U.S.C. § 1962(a), 18 U.S.C. § 1962(b), and 18 U.S.C. § 1962(c),RICO declares unlawful the conduct described in each of these three respective subsections.[6] And in 18 U.S.C. § 1962(d), RICO declares it unlawful to conspire to commit a substantive RICO violation.[7]

RICO is primarily a criminal statute, enforceable by the United States Department of Justice. But as indicated above, it also provides a civil remedy for private parties injured by a violation of Section 1962, *i.e.*, either a substantive RICO violation or a RICO conspiracy. In this case, Plaintiff does not allege a RICO conspiracy and, at most, alleges only one kind of substantive RICO violation, *i.e.* a violation of Section 1962(c). (*See* Doc. No. 1-1 at PageID# 9-10). As the Supreme Court has explained:

> Title 18 U.S.C. § 1962(c), which is part of RICO, makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." The term "enterprise' is defined in 18 U.S.C. § 1961(4) as including 'any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."

---

[6] Any such conduct will be referred to herein as a "substantive" RICO violation.

[7] Such conduct will be referred to herein as "RICO conspiracy".

*United States v. Turkette*, 452 U.S. 576, 576, (1981). "To state a RICO claim [based on a violation of Section 1962(c)], a plaintiff must plead the following elements: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Ouwinga v. Benistar 419 Plan Servs., Inc.,* 694 F.3d 783, 791 (6th Cir. 2012) (quoting *Moon v. Harrison Piping Supply,* 465 F.3d 719, 723 (6th Cir.2006) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496 (1985))). Forgoing as unnecessary the need to illuminate the substance of these elements, the Court notes that Plaintiff has completely failed to allege factual matter plausibly suggesting the existence of any of them, as is necessary to state a substantive RICO claim.

In summary, the claims against these three Defendants therefore are **DISMISSED**.

Plaintiff requests relief as to all claims in the amount of $4,234,301.37 in compensatory and punitive damages. (Doc. No. 1 at PageID# 6). Plaintiff also requests relief in the form of "Restorative Justice and Injunctive Relief to restore and correct Plaintiff[sic] records, specifically Personally Identifiable Information, including the restoration and protection of the Plaintiff's identity and records" with various credit reporting agencies, software systems, telecommunication companies, social media platforms, and ride sharing platforms. (*Id*.). There being no other claims before the Court, Plaintiff is not entitled to any of the relief she seeks. Thus, this case is **DISMISSED** in its entirety.

The Clerk is directed to enter judgment under Rule 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE